NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 24-414

ROBERT SHAWN TAYLOR

VERSUS

DESTINEE CALIAS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 91977
HONORABLE ANTHONY THIBODEAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

CANDYCE G. PERRET

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Candyce G. Perret, Gary J. Ortego; and Ledricka J. Thierry, Judges.

APPEAL DISMISSED.

**Trent John Gauthier**
**Attorney at Law**
**100 Asma Boulevard, Suite 310-E**
**Lafayette, LA 70508**
**(337) 290-1806**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Robert Shawn Taylor**


**Helen Popich Harris**
**Attorney at Law**
**321 W. Main Street, Suite 2-D**
**Lafayette, LA 70501**
**(337) 291-6092**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Destinee Calias**

**PERRET, Judge.**

In the instant appeal, Appellee, Destinee Calais, filed a Motion to Dismiss Appeal as Untimely on August 21, 2024. On September 5, 2024, Appellant, Robert Shawn Taylor, filed an opposition to the motion. For the reasons stated herein, we dismiss the appeal.

The judgment at issue was signed by the trial court on October 4, 2023, and notice of judgment was mailed to the parties on October 5, 2023. In her motion to dismiss, Appellee asserts that the judgment involves custody, visitation, and support. Therefore, La.Code Civ.P. art. 3943 is applicable and Appellant had thirty days from the expiration of the delay for applying for a new trial to seek a devolutive appeal. Article 3943 provides that "[a]n appeal from a judgment awarding, modifying, or denying custody, visitation, or support of a person can be taken only within the delay provided in [La.Code Civ.P.] Article 3942," which is thirty days from the expiration of the delay to apply for a new trial. *See* La.Code Civ.P. art. 3942 and La.Code Civ.P. art. 2087(A).[1] Appellee concludes that Appellant had until November 15, 2023, to seek an appeal; thus, his Motion and Order for Devolutive Appeal filed on December 1, 2023, was untimely.

---

[1] Louisiana Code of Civil Procedure Article 3942 provides in pertinent part, "A. An appeal from a judgment granting or refusing an annulment of marriage or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(A)." Louisiana Code of Civil Procedure Article 2087(A) provides:

> A. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:

> (1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.

> (2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.

In opposition, Appellant contends that he had until December 15, 2023, to seek an appeal, citing La.Code Civ.P. art. 2087(A)(1). Article 2087(A)(1) provides that a devolutive appeal "may be taken within sixty days of . . . [t]he expiration of the delay for applying for a new trial." Further, Appellant states that Articles 3942 and 3943 fall under Title IV which pertains to divorce and annulment of marriage.

We find that Article 3943 applies to the judgment on appeal, which is entitled Joint Custody Implementation Plan and involves custody, visitation, and support of the parties' minor children. As such, Appellant had until November 15, 2023, to file his motion for appeal. Accordingly, the motion for appeal filed on December 1, 2023, was untimely and dismissal of the appeal is proper.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.